UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **VICTORIA BANKS,**<br><br>Plaintiff,<br><br>v.<br><br>**SOCIAL SECURITY COMMISSIONER,**<br><br>Defendant. | **2:24-CV-10481-TGB-CI**<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO 16), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 15), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 13), AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11)** |

Plaintiff Victoria Banks brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for child's insurance benefits under the Social Security Act.

The parties filed Cross-Motions for Summary Judgment on May 28, 2024, and June 18, 2024. ECF Nos. 11 & 13. On March 3, 2025, Magistrate Judge Curtis Ivy issued a Report and Recommendation, ECF No. 15, recommending that Plaintiff's Motion for Summary Judgment (ECF No. 11) be denied and Defendant's Motion for Summary Judgment (ECF No. 13) be granted, thereby affirming the Commissioner's decision. Plaintiff filed objections to Magistrate Judge Ivy's Report on March 14, 2025, which Defendant responded to. ECF Nos. 16 & 17.

For the following reasons, the Report and Recommendation of the Magistrate Judge will be **ACCEPTED**, Banks' objections will be **OVERRULED**, and the Commissioner's decision will be affirmed.

## I. BACKGROUND

Plaintiff alleges her disability began on June 30, 2012. ECF No. 6-1, PageID.34. In her disability report, she listed ailments which diminished her ability to work. The ailments included: positional orthostatic tachycardia syndrome ("POTS"), chronic fatigue syndrome, severe migraines, upper body pain, temporomandibular joint issue, and delayed sleep phase syndrome. *Id.* at PageID.171.

She reached age 22 on February 20, 2015. *Id.* at PageID.36. She applied for child disability benefits on December 16, 2021. *Id.* at PageID.34. Her application was denied on March 14, 2022. Following the denial, Plaintiff requested a hearing. On April 21, 2023, Administrative Law Judge ("ALJ") Anthony Smereka held a telephonic hearing, at which Plaintiff and a vocational expert testified. *Id.* at PageID.48–71. On May 11, 2023, the ALJ issued an opinion which determined that Plaintiff was not disabled within the meaning of the Social Security Act because she could perform representative work in the economy including as an office clerk. *Id.* at PageID.34–43. Plaintiff later submitted a request for review of the hearing decision. On December 28, 2023, the Appeals Council denied Plaintiff's request for review. *Id.* at PageID.17. The ALJ's decision therefore became the Commissioner's final decision.

2

Plaintiff timely commenced the instant action on February 26, 2024. Plaintiff appealed the ALJ's consideration and treatment of a letter from one of Plaintiff's medical providers, Dr. Kennedy Jones, from April 20, 2022. The letter provides in relevant parts that,

> [Banks'] conditions and the symptoms they produce have a profound impact on [her] daily life and render her unable to work in any substantial way. She consistently experiences *severe fatigue* which makes it difficult to complete daily tasks at home, let alone work a regular job. Ms. Banks must *sleep a minimum of 10 hours each night*, and has very little energy throughout her waking hours. She also experiences an abnormally *delayed sleep cycle*. Ms. Banks regularly deals with debilitating migraine headaches and widespread upper body pain. This pain is recurring and has proven difficult to treat. Ms. Banks experiences orthostatic intolerance, meaning *her symptoms are worsened and she generally feels unwell when she is in an upright position (sitting or standing)*. Other symptoms Ms. Banks regularly experiences include tachycardia (fast heartbeat), dizziness, lightheadedness, nausea, and sensitivity to light and sound.
>
> Despite having a master's degree in mathematics, Ms. Banks is unable to work a regular job and support herself because of her health conditions and related symptoms, as outlined above.

*Id.* at PageID.1681 (emphasis added). After summarizing Dr. Jones' letter in his opinion, the ALJ stated,

> [S]tatements that an individual is disabled from work or unable to work are inherently neither valuable nor persuasive because they state a conclusion on an issue that is reserved to the Commissioner. Nevertheless, I have fully considered Dr.

3

> Jones' statements and her description of the claimant's symptoms and response to treatment efforts. The claimant's impairments have been thoroughly accounted for in her residual functional capacity as articulated above.

*Id.* at PageID.41. Plaintiff raised two arguments in her Motion for Summary Judgment: (1) Dr. Jones's letter is an opinion which the ALJ improperly considered, and (2) even if the letter is not an opinion, the ALJ did not discuss all the limitations in the letter or explain why those limitations were not included in the RFC. ECF No. 11. Magistrate Judge Ivy recommends rejecting both of Plaintiff's arguments and affirming the ALJ's decision. ECF No. 15.

## II. LEGAL STANDARDS

This Court must review *de novo* the parts of a Magistrate Judge's Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C). But the Court "need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452 (N.D. Ohio 2012) (*quoting Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (noting that failure to object waives further review of a district court's adoption of the Report and Recommendation). General objections to a Magistrate Judge's determination "without explaining the source of the error" have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that general

4

objections "waste judicial resources rather than sav[e] them," because they "effectively duplicate[ ]" the "functions of the district court . . as both the magistrate and the district court perform identical tasks"). Similarly, "objections that merely restate arguments previously raised and considered [by the Magistrate Judge] do not require the Court to consider them." *Young v. Jindal*, No. 21-12170, 2023 WL 8190689, at *1 (E.D. Mich. Nov. 27, 2023)(Drain, J.); *see also Vasconez v. Langston Companies, Inc.*, 2021 WL 3124959, at *1 (W.D. Tenn. July 23, 2021) ("[W]here a party's objections are simply a repetition of the arguments he or she made to the magistrate judge, a *de novo* review is not warranted.").

The Court's review of a Social Security Commissioner's decision "is limited to determining whether [it] is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (internal quotations and citation omitted) (stating that the court must affirm the Commissioner's decision if it is based on substantial evidence, "even if substantial evidence exists in the record supporting a different conclusion"); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]").

5

## III. DISCUSSION

### A. Banks' First Objection

Banks objects that Magistrate Judge Ivy used an "overly narrow" construction of the regulations to find that Dr. Jones' letter was not a "medical opinion" that the ALJ was required to consider. That objection is overruled for the following reasons.

A medical opinion is a statement from a medical source about "what [a claimant] can still do despite [their] impairment(s) and whether [they] have one or more impairment-related limitations or restrictions in . . . [their] ability to perform the physical demands of work activities, such as sitting [or] standing[.]" 20 C.F.R. § 404.1513(a)(2)(i). Judgments about the "nature and severity" of a claimant's impairments are not considered to be "medical opinions" but rather "other medical evidence." 20 C.F.R. § 404.1513(a)(3). The latter evidence must be considered if presented, 20 C.F.R. § 416.929(c)(2), but its persuasiveness "need not be assessed" even though it can provide insight on work activities, *Robinson v. Comm'r of Soc. Sec.*, 2022 WL 17168444, at *3 (6th Cir. 2022).

Plaintiff does not deny that Dr. Jones' letter failed to explicitly or affirmatively describe what Banks "can or cannot do during the workday," *id.*, or "any particular [work-related] ability or restriction that were imposed by Plaintiff's impairments," ECF No. 15, PageID.1744 (citing to *Diggs v. Comm'r of Soc. Sec.*, 2024 WL 2278696, at *6 (E.D. Tenn. May 20, 2024) (citation omitted)). Even so, Banks argues the ALJ

6

should have *inferred* such limitations from Dr. Jones' letter, just as the Southern District of Ohio did when it found that a statement about what a claimant *could do* can be "inferred" from a statement about what a claimant *is unable to do*. *See Gregory R. v. Comm'r of Soc. Sec.*, 2022 WL 780240, at *4 (S.D. Ohio Mar. 15, 2022). But the Sixth Circuit later cautioned that the "term 'medical opinion' cannot be understood to encompass every piece of information that describes 'what [a claimant] can still do' only after manipulation and interpretation with supplemental evidence." *Robinson*, 2022 WL 17168444, at *3. Thus, the Magistrate Judge declined to "infer" work-related limitations from Dr. Jones' statements. ECF No. 15, PageID.1746. Plaintiff now claims the Magistrate Judge "misread" *Gregory R.* ECF No. 16, PageID.1756.

As a preliminary observation, it appears Plaintiff is simply re-hashing arguments previously advanced in her Motion for Summary Judgment, *see* ECF No. 11, PageID.1703, and Response to Defendant's Motion for Summary Judgment, *see* ECF No. 14, PageID.1728–30. The objection can be overruled on that basis alone. *See Young*, 2023 WL 8190689, at *1; *Vasconez*, 2021 WL 3124959, at *1.

But to the extent Plaintiff argues it was clear error for the Magistrate Judge to find this case "different" from *Gregory R.*, this argument fails because regardless of factual similarities, *Gregory R.* is not a binding decision on this Court. That the regulations defining medical opinion *could be read* to include *any* medical statements

7

regarding a claimant's limitations in work-related under the "more generous" *Gregory R.* standard, as Plaintiff contends, does not mean a court *must* do so.

Instead, the Sixth Circuit's warning in *Robinson* guides the Court's decision. *See* 2022 WL 17168444, at *3. Here, the Court could only infer "impairment-related [work] limitations" after interpreting Dr. Jones' statement with *supplemental evidence. See id.* Indeed, Plaintiff herself relies on supplemental evidence from the Vocational Expert ("VE") to explain how the Court could infer that she would be "unable to tolerate remaining in an upright position for a full day without breaks" from Dr. Jones' letter. *See, e.g.*, ECF No. 16, PageID.1758 ("Dr. Kennedy certainly outlines restrictions in these areas. Indeed, the VE confirmed that a lack of 'endurance to last the full day' was a work-preclusive restriction.").

And the Court would not be able to infer, solely from Dr. Jones' statements, what Banks asks the Court to infer without significant *manipulation*. As described earlier, Dr. Jones stated that:

> [Banks] experiences severe fatigue which makes it difficult to complete daily tasks at home, let alone work a regular job. . . Ms. Banks must sleep a minimum of 10 hours each night, and has very little energy throughout her waking hours. . . [H]er symptoms are worsened and she generally feels unwell when she is in an upright position (sitting or standing).

ECF No. 6-1, PageID.1681. But Banks contends it can be inferred from Dr. Jones' statements that Banks would be unable to:

8

- begin her workday until later in the day;
- remain awake, on-task, or even present for a full workday;
- complete a normal workday on a consistent basis;
- tolerate remaining in an upright position for a full day without breaks; or,
- that she must sleep during normal working hours.

ECF No. 11, PageID.1703; ECF No. 14, PageID1729–30.

In *Gregory R.*, it was reasonable and logical to infer that a claimant who is *unable* to perform a job requiring attention and stress tolerance would be *able* to perform a job that *does not* require attention and stress tolerance, as the direct opposite or inverse, rather than a manipulated interpretation, of the doctor's statement. *See* 2022 WL 780240, at *4. Here, however, the exact opposite of Dr. Jones' statement is not what Banks suggests, but rather, it is that she could be awake for 14 hours maximum, that she has some—even if very little—energy during the day, and that she feels better when she is not sitting or standing. None of these convey any limitations or restrictions on Banks' ability to work. *See* 20 C.F.R. § 404.1513(a)(2)(i) (defining medical opinion). It is simply not reasonable to infer from Dr. Jones' letter alone that Banks would not tolerate being in an upright position "for a full day without breaks" as Plaintiff contends. Thus, it appears the "opposite inference" method used in *Gregory R.* does not work well in this case precisely because Dr. Jones' statements are about the nature and severity of Banks' impairments

rather than about the specific ways that such impairments would limit her ability to perform work-related functions.

This objection is overruled—both the ALJ and the Magistrate Judge properly found that Dr. Jones' letter was not a medical opinion pursuant to 20 C.F.R. § 404.1513(a)(2)(i).

## B. Banks' Second Objection

Because the ALJ must still consider, though not necessarily discuss, other medical evidence, *see Showalter v. Kijakazi*, 2023 WL 2523304, at *3 (6th Cir. 2023), Plaintiff complains that, despite the ALJ's claim that he "fully accounted" for Banks' impairments described in Dr. Jones' letter, it is "not apparent" that that he did so because he "did not sufficiently address how" sedentary work accounts for these symptoms.

As a preliminary observation, this general objection is less a challenge to the Magistrate Judge's report than it is a re-hashing of the same arguments previously presented. *Compare* ECF No. 11, PageID.1705 *with* ECF No. 16, PageID.1759. This objection can be overruled on that basis alone. *See Pearson v. Comm'r of Soc. Sec.*, No. 15-14031, 2017 WL 1190947, at *3 (E.D. Mich. Mar. 31, 2017)(Battani, J.) (internal citations omitted) ("The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation."). But Plaintiff makes two specific references to Magistrate Judge Ivy as part of this challenge, and to the extent these references can be considered

identifications of errors in the Magistrate Judge's recommendation, the Court will address them.

First, Plaintiff challenges the fact that Magistrate Judge Ivy "point[ed] out that the ALJ properly relied on Banks' daily activities to find she remained capable of sedentary work despite her allegations of orthostatic intolerance even while sitting." ECF No. 16, PageID.1759. Banks cites to *Menser v. Commissioner of Social Security* for the proposition that the ALJ's residual functional capacity ("RFC") assessment should not be based *solely* on Banks' health when she is not suffering from a "flare-up." No. 16-11787, 2017 WL 2590151, at *8 (E.D. Mich. May 19, 2017)(Morris, M.J.). But the instant case is different from the situation in *Menser*. While the ALJ's decision in *Menser* was "without support" because the ALJ "wholly discounted [the claimant's] testimony and the medical record to conclude that he did not experience flare ups at all," *see id.*, here on the contrary, the ALJ acknowledged the fluctuating nature of Banks' symptoms and noted that they might impair Banks' ability to do the "full range of sedentary work," despite not disabling her from *all* work activity. *See* ECF No. 6-1, PageID.40–42. Thus, the ALJ did not "wholly discount" evidence of Banks' flare-ups and in fact considered such evidence. This objection is unavailing.

Second, Plaintiff argues that Magistrate Judge Ivy's statement that Banks did not "ask the [vocational expert] whether working later in the day significantly reduce[d] the number of available jobs" in fact *supports*

11

a finding that the ALJ's decision was not substantially supported, because Banks' impairments were not "accurately portray[ed]" to the vocational expert in the hypothetical vocational questions during the hearing. *See Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) ("[S]ubstantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'") (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)).

In *Podedworny*, the Third Circuit found that the failure to include "medically undisputed" conditions (dizziness and blurred vision) in a hypothetical question listing a variety of other impairments to a vocational expert "rendered the question defective" such that the expert's answer could not be considered substantial evidence. 745 F.2d at 218. But here, Dr. Jones' statement that Banks "must sleep a minimum of 10 hours each night" and "experiences an abnormally delayed sleep cycle" is different from "medically undisputed" information such as a medical condition. *See id.* Therefore, the lack of hypothetical questions regarding the impact of a delayed start on job availability does not render the questions defective like it did in *Podedworny*. *See id.*

Furthermore, during the hearing, the ALJ and Plaintiff's counsel asked the vocational expert questions related to endurance levels, the ability to take breaks and be absent, and to having an option to sit or

12

stand. *See id.*, PageID.66–69. Thus, while the expert was not explicitly asked—either by the ALJ or by Plaintiff—about the impact of needing to work later in the day, the expert's testimony still "fairly t[ook] into account plaintiff's limitations" about her overall energy level, such that his answers can be considered substantial evidence. *See Varley*, 820 F.2d at 780. This objection is similarly unavailing.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Objections (ECF No. 16) are **OVERRULED**, that Magistrate Judge Ivy's March 3, 2025 Report and Recommendation (ECF No. 15) is **ACCEPTED** and **ADOPTED**, that Defendants' Motion for Summary Judgment (ECF No. 13) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**. It is **FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: March 31, 2025       /s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

13